FILED
2016 SEP 29 PM 3:15
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CR16-0688

| UNITED STATES OF AMERICA, | CR No. |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1029(b)(2): Conspiracy to Use Unauthorized Access Devices; 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i), (ii): Unauthorized Access to a Protected Computer to Obtain Information; 18 U.S.C. §§ 982(a)(2)(B), 982(a)(8), 1029(c)(1)(C), and 1030(i): Criminal Forfeiture] |
| MIKHAIL KONSTANTINOV MALYKHIN, | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1029(b)(2)]

A. THE OBJECT OF THE CONSPIRACY

Beginning on a date unknown to the United States Attorney and continuing to on or about August 27, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant MIKHAIL KONSTANTINOV MALYKHIN ("MALYKHIN") and coconspirators Siarhei Patapau, Timur Safin, Dmitry Fedoseev ("Fedoseev"), and Irina Fedoseeva (collectively, the "Listed Coconspirators"), together with

others known and unknown to the United States Attorney, knowingly and intentionally conspired and agreed with each other to, knowingly and with intent to defraud, use unauthorized access devices in a one-year period to obtain things of value aggregating to $1,000 or more, in violation of Title 18, United States Code, Section 1029(a)(2).

B.  THE MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was carried out, and was to be carried out, in substance as follows:

1. Defendant MALYKHIN, and others unknown to the United States Attorney, would access, without authorization, an online software platform of a victim company, which was used by other companies responsible for managing flexible spending accounts and dependent care accounts for client companies.

2. After accessing the online software platform, defendant MALYKHIN would re-activate dormant dependent care accounts for former employees of the client companies.

3. Defendant MALYKHIN, and others known and unknown to the United States Attorney, would then cause fraudulent and unauthorized access devices, that is, debit cards in the names of persons linked to the re-activated dependent care accounts, to be issued.

4. Defendant MALYKHIN would set the spending limits on these fraudulent and unauthorized debit cards between approximately $50,000 and $5,000,000.

5. Defendant MALYKHIN, and others known and unknown to the United States Attorney, would then cause the fraudulent and unauthorized cards to be sent to various locations.

6. The Listed Coconspirators, and others known and unknown to the United States Attorney, would obtain from the locations to which

the cards were sent, or from others known and unknown to the United States Attorney, the fraudulent and unauthorized cards.

7. The Listed Coconspirators, and others known and unknown to the United States Attorney, would use the fraudulent and unauthorized cards to purchase goods at retail stores, such as Best Buy, Apple, Home Depot, and Target, and, in doing so, would, within a one-year period, obtain things of value aggregating to $1,000 or more.

8. The Listed Coconspirators, and others known and unknown to the United States Attorney, would provide defendant MALYKHIN with items purchased with the fraudulent and unauthorized cards.

9. The Listed Coconspirators, and others known and unknown to the United States Attorney, would, on occasion, return items purchased using the fraudulent and unauthorized cards in exchange for gift cards. The Listed Coconspirators, and others known and unknown to the United States Attorney, would, on occasion, provide defendant MALYKHIN with gift cards obtained from the return of items purchased using the fraudulent and unauthorized cards.

10. The Listed Coconspirators, and others known and unknown to the United States Attorney, would re-sell to other individuals some of items purchased at retail stores. The Listed Coconspirators, and others known and unknown to the United States Attorney, would then provide defendant MALYKHIN with cash obtained from the resale of items purchased at retail stores using the fraudulent and unauthorized cards.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, defendant MALYKHIN and the Listed Coconspirators, together with others known and unknown to the United States Attorney, on or about

the dates set forth below, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:  Between on or about December 18, 2015 and January 16, 2016, defendant MALYKHIN accessed, without authorization, an online software platform of a victim company, which was used to manage flexible spending accounts and dependent care accounts, and caused fraudulent and unauthorized access devices, that is, debit cards in the names of other persons and linked to employee dependent care accounts, to be sent in the names of other persons to various locations. These cards included, but were not limited to, a MasterCard ending in 4504, which was issued in the name of D.Z. ("MasterCard 4504"); a MasterCard ending in 8116, which was issued in the name of A.C.W ("MasterCard 8116"), and a MasterCard ending in 6977, which was issued in the name of A.K. ("MasterCard 6977").

Overt Act No. 2:  On or about January 17, 2016, defendant MALYKHIN, coconspirator Fedoseev, and another person known to the United States Attorney purchased approximately $8,697.64 in goods from a Magnolia Design Center within a Best Buy store in West Hollywood, California using MasterCard 8116.

Overt Act No. 3:  On or about January 17, 2016, defendant MALYKHIN, coconspirator Fedoseev, and another person known to the United States Attorney purchased approximately $12,109.20 in goods from a Best Buy store in West Hollywood, California using MasterCard 8116.

Overt Act No. 4:  On or about August 27, 2016, defendant MALKHIN possessed, in his residence in Los Angeles, California, a debit card issued in the name of A.K.

4

<u>Overt Act No. 5</u>:   On or about August 27, 2016, defendant MALYKHIN possessed, in his residence in Los Angeles, California, merchandise that was purchased from a Nike store in Los Angeles, California using MasterCard 4504.

<u>Overt Act No. 6</u>:   On or about August 27, 2016, defendant MALYKHIN possessed, in safety deposit boxes in Beverly Hills, California, cash and approximately 18 gift cards from Home Depot, Best Buy, and Target, which included gift cards obtained by the Listed Coconspirators in exchange for the return of goods purchased with the fraudulent and unauthorized cards, including goods originally purchased using MasterCard 6977.

## COUNT TWO

[18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i), (ii)]

11. Between on or about December 18, 2015 and January 16, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant MIKHAIL KONSTANTINOV MALYKHIN ("MALYKHIN") knowingly and intentionally accessed without authorization and in excess of authorization a protected computer, as that term is defined in Title 18 United States Code, Section 1030(e)(2), namely, a server of a victim company, and thereby obtained information, namely, account information for dependent care accounts, in furtherance of a criminal act, to wit, Conspiracy to Use Unauthorized Access Devices in violation of Title 18, United States Code, Section 1029(b)(2), as alleged in Count One of this Information, for the purposes of commercial advantage and private financial gain.

## FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 982(a)(2)(B), 982(a)(8), and 1029(c)(1)(C)]

1.   Pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(a)(8), and 1029(c)(1)(C), the defendant who is convicted of the offense set forth in Count One of this Information shall forfeit to the United States the following property:

   a.   Any real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of such offense; and constituting, derived from, or traceable to the gross proceeds that such defendant obtained directly or indirectly as a result of the offense.

Specific property subject to forfeiture for the reasons set out above includes, but is not limited to the following items seized on or about August 27, 2016, September 2, 2016, and September 8, 2016:

   i.   United States currency in the amount of $5,860.00;

   ii.  United States currency in the amount of $266,150.00;

   iii. United States currency in the amount of $1,027,640.00;

   iv.  Four United States Money Orders, each in the amount of $1,000.00;

   v.   Four One-Ounce Gold Bars;

   vi.  Two Home Depot Gift Cards;

   vii. Thirteen Best Buy Gift Cards;

   viii. Three Target Gift Cards;

   ix.  One Phantom DSI Drone;

   x.   One Rettin Water Ionizer;

7

        xi.   One LG OLED TV;

        xii.  One Bose System 3;

        xiii.  One iRobot Vacuum Cleaner;

        xiv.  One Toshiba Laptop;

        xv.   One Linksys Router;

        xvi.  Two Flash Drives;

        xvii.  One SanDisk Ultra Backup 64GB Flash Drive;

        xviii.  One SanDisk MicroSD Card.

    b.   A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

    2.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b), the defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of said defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982(a)(2)(B) and 1030(i)]

3. Pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(i), the defendant who is convicted of the offense set forth in Count Two of this Information shall forfeit to the United States the following property:

    a. The interest in any personal property that was used or intended to be used to commit or to facilitate the commission of such offense; and any property, real or personal, constituting or derived from, any proceeds that such defendant obtained, directly or indirectly, as a result of the offense.

Specific property subject to forfeiture for the reasons set out above includes, but is not limited to the following items seized on or about August 27, 2016, September 2, 2016, and September 8, 2016:

    i. United States currency in the amount of $5,860.00;

    ii. United States currency in the amount of $266,150.00;

    iii. United States currency in the amount of $1,027,640.00;

    iv. Four United States Money Orders, each in the amount of $1,000.00;

    v. Four One-Ounce Gold Bars;

    vi. Two Home Depot Gift Cards;

    vii. Thirteen Best Buy Gift Cards;

    viii. Three Target Gift Cards;

    ix. One Phantom DSI Drone;

    x. One Rettin Water Ionizer;

    xi. One LG OLED TV;

    xii. One Bose System 3;

    xiii. One iRobot Vacuum Cleaner;

    xiv. One Toshiba Laptop;

    xv. One Linksys Router;

    xvi. Two Flash Drives;

    xvii. One SanDisk Ultra Backup 64GB Flash Drive;

    xviii. One SanDisk MicroSD Card.

  b. A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

  4. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b), the defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of said defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially

//
//
//

diminished in value; or has been commingled with other property which cannot be divided without difficulty.

EILEEN M. DECKER
United States Attorney

*/s/ PR Fitzgerald*

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

TRACY L. WILKISON
Assistant United States Attorney
Chief, Cyber and Intellectual
Property Crimes Section

STEPHANIE S. CHRISTENSEN
Assistant United States Attorney
Deputy Chief, Cyber and
Intellectual Property Crimes
Section

JENNIE L. WANG
Assistant United States Attorney
Cyber and Intellectual Property
Crimes Section

ANIL J. ANTONY
Assistant United States Attorney
Cyber and Intellectual Property
Crimes Section